RODDY *v.* LOVITT, et al.

No. 40045 April 9, 1956 86 So. 2d 510

*Neill, Clark & Townsend,* Indianola, for appellant.

*Edward J. Currie, Edward J. Currie, Jr.,* Hattiesburg; *Forrest G. Cooper,* Indianola, for appellees and cross-appellants.

638

*John C. Webb, Holland O. Felts,* Greenville, for cross-appellee.

ETHRIDGE, J.

Appellees Norman W. and David O. Lovitt, doing business as Lovitt Equipment Company, hereinafter referred to as Lovitt, brought this suit in the Chancery Court of Sunflower County against Mr. and Mrs. William E. Roddy and Charles A. Truthman. The bill sought an accounting for alleged trust funds paid by Lovitt to the three defendants in the amount of $1,155, and a personal decree for that sum. The chancery court dismissed the bill as to defendant Truthman, but rendered judgment against Mrs. Roddy, who had filed an answer and had contested her liability, and against her husband, William

E. Roddy, who filed no answer and did not contest the suit, and against whom a pro confesso decree had been entered.

Lovitt was engaged in the retail farm equipment business in Hattiesburg. On March 31, 1953, Norman W. Lovitt, representing the partnership, issued a check at Hattiesburg in the sum of $1,155, payable to W. E. Roddy. It was in payment for a grain dryer, which Roddy agreed to deliver to Lovitt within a week. The dryer never was delivered. Roddy took the check and deposited it to a joint account in the name of himself and his wife in a bank in Greenville. Mr. Roddy made deposits at various times in this account which was used to defray family expenses. Mrs. Roddy admitted that she wrote practically all of the checks on this account, and that she drew out of the joint account most of the funds deposited in it, for household and other expenses of herself and her husband. The bill charged that Mrs. Roddy was engaged in a joint adventure or business with her husband and Truthman, and that she had received and used the proceeds of Lovitt's check. Roddy testified as an adverse witness for complainants. He admitted that he received the proceeds of the check and deposited the same to the joint account with his wife, had never delivered the equipment to Lovitt and had not returned the money. Mr. Roddy took no appeal from the decree against him.

About two months after Roddy failed to deliver the dryer, Lovitt orally rescinded the order and demanded their money back; and on July 8, 1953, Lovitt rescinded the order by a letter to Roddy of that date. Mrs. Roddy made no deposits to the joint account, but left her salary on the books of the company for which she worked in Leland. She knew that the money deposited by her husband to the joint account from time to time and in various amounts was derived from his business. However, the payment of household expenses was the pri-

mary obligation and duty of the husband. Mrs. Roddy knew nothing about the source of the funds, until after she had spent the money for household expenses.

 There is no basis to support the decree against Mrs. Roddy, the appellant. The evidence shows that she was not a joint adventurer or partner with her husband in his business. Lovitt contends that the decree against her can be upheld on the ground of a resulting or constructive trust. Lovitt gave the check to Mr. Roddy as an advance payment of the purchase price for the grain dryer. No trust was created by that payment. In return for the advance payment, Roddy simply agreed to deliver the equipment within a stated time. Upon his failure to do so, Lovitt rescinded the contract and demanded that Mr. Roddy refund to him the money previously paid. This created the relationship of creditor and debtor. The proceeds of the check deposited to the joint account were not trust funds, but were a payment by Lovitt to Roddy in advance on the contract to sell and deliver the equipment. When Roddy breached this contract, Lovitt had a right of action in debt to recover the money owed them by Roddy. But the rescission did not occur until about two months after the check had been deposited in the joint account, and after its proceeds had been drawn out and paid by Mrs. Roddy for household expenses. There is no contradiction of her testimony that she knew nothing of her husband's contract with Lovitt. So the proceeds of the check did not constitute any trust fund. And even if they did, the money has been disbursed by Mrs. Roddy for household expenses and the assumed trust property cannot now be traced into the joint account of Mr. and Mrs. Roddy. See 54 Am. Jur., Trusts, Sections 248-259. And of course the burden of proof to follow such assumed trust funds was upon the complainants. Ibid, Sections 259, 603. Because Mrs. Roddy was neither a joint adventurer nor partner with her husband in his business,

and the purchase price of the equipment was not a trust fund, and even if it were, it could not be traced, the trial court was in error in rendering a personal judgment against Mrs. Roddy.

The chancery court dismissed the bill of complaint as to appellee Charles A. Truthman. We cannot say that it was manifestly wrong. The weight of the evidence reflects that he and Roddy were not partners or engaged in a joint adventure. On the contrary, although the arrangement between them was somewhat unusual, the chancellor was warranted in finding that Truthman was an employee of Roddy, and that Truthman's employment was terminated three months before the date of the Lovitt contract. Since they were not partners in fact, complainants had to rely upon the theory of a partnership by estoppel. This was a disputed issue of fact, and we cannot say that the chancery court was manifestly wrong in finding that there was no partnership by estoppel, which it necessarily did by dismissing the bill as to Truthman.

On the direct appeal, the decree is reversed and judgment rendered for Mrs. William E. Roddy. On the cross-appeal by Norman W. and David O. Lovitt, doing business as Lovitt Equipment Company, in which it is contended that the decree was in error in failing to render judgment against Truthman, the decree dismissing the bill as to Truthman is affirmed.

On direct appeal, reversed and judgment rendered for appellant, Mrs. William E. Roddy; on cross-appeal, affirmed.

*Roberds, P. J.,* and *Lee, Holmes* and *Gillespie, JJ.,* concur.